IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:00CR00046 SWW |
| | * | |
| MICHAEL SAIN, | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

Petitioner Michael Sain was convicted of a felony on November 3, 1999.  He was sentenced to 210 months imprisonment, and ordered to surrender on March 6, 2000, for service of his sentence.  *United States v. Sain,* 4:99CR29 WRW.  On March 16, 2000, in the United States District Court for the Eastern District of Arkansas, Sain was indicted for failure to appear. He was arrested on January 14, 2004, and pleaded guilty on February 4, 2005.  Petitioner was sentenced to twenty-four months consecutive to the previous sentence imposed and three years of supervised release.

Now before the Court is Sain's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The government responded in opposition to the motion.  For the reasons that follow, the Court finds that the motion should be denied.

Petitioner Sain asserts his plea was not knowingly and voluntarily made because he was not informed of "what a jury trial was and what four prongs of a jury trial were;" his sanity was in question because of withdrawal from a drug habit; and he did not have sufficient opportunity to consult with his attorney.  He claims in ground two of his petition that he was induced to

commit his crime, failure to appear, because his attorney did not pursue an appeal of his 1999 conviction.  In ground three, Sain contends he was actually innocent and wanted to go to trial and his attorney failed to request a mental evaluation.  Finally, Sain contends the Court was aware he was of unsound mind and should have ordered a mental evaluation.

Petitioner Sain asserts his counsel provided ineffective assistance in that she failed to submit petitioner for a mental evaluation.  To establish that he was deprived of effective assistance of counsel, Sain must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  The court need not address both components if the plaintiff makes an insufficient showing on one of the prongs.  *Id.* at 697.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690.  The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

The prejudice prong requires Sain to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984).   "Prejudice, for purposes of an ineffective

assistance of counsel claim, means that 'one's confidence in the outcome of the trial is undermined.'" *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

Petitioner claims he was mentally incompetent at the time he committed the crime and when he pleaded guilty.  There is nothing in the record or the transcript of the guilty plea to indicate that petitioner was mentally incompetent or that there was any question about his mental competency.  Petitioner presents no evidence to indicate that his counsel's choice not to submit petitioner for a mental evaluation was outside the bounds of professionally reasonable conduct.

In ground two, Sain claims he is innocent of the offense because it was his lawyer's failure to appeal his 1999 felony conviction that compelled him not to surrender for service of his sentence.  Petitioner pleaded guilty to failure to appear.  He offers no proof other than his bare assertion that his lawyer's failure to pursue an appeal plunged him into despondency and forced him to become a fugitive.  Further, during his sentencing hearing, Sain testified he absconded because he feared for his safety.

The Court noted Sain's past criminal history during his guilty plea, *see* docket entry 44 at 8-9, and in its response, the government sets forth Sain's previous appearances in criminal court. It is reasonable to assume petitioner had the ability to seek or perfect an appeal, with or without counsel.  In addition, during his sentencing hearing, Sain testified that he knew he could avail himself of the court if he wanted to file anything, such as an appeal of his 1999 felony conviction.

"To be valid, a guilty plea must be knowing and voluntary.  Before entering judgment on a guilty plea, the district court makes 'such inquiry as shall satisfy it that there is a factual basis for the plea,' and at any time before sentencing the court 'may permit the plea to be withdrawn if

the defendant shows any fair and just reason." *Walker v. United States,* 115 F.3d 603, 605 (8th Cir. 1997).  "'The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom.  When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.'" *Id.* at 604.  A valid guilty plea waives all non-jurisdictional defects.  *Id.*

As the transcript of the plea hearing reflects, the Court asked Sain a number of questions to establish that he was not only guilty of the allegations in the indictment but also that he was entering his plea knowingly and voluntarily.  He answered that he had fully discussed his case with his attorney and was satisfied with her advice, that no one was trying to force him to plead guilty, that he knew he had the right to a jury trial, and that he understood the statutory penalty and fine.  He agreed that what the government stated it would be prepared to prove at trial with respect to his failure to appear was substantially correct, and pleaded guilty.  There is nothing in the record nor in his pleadings to support Sain's claim that his plea was not valid or that there was any reason for the Court to refer him for a mental evaluation.

IT IS THEREFORE ORDERED that petitioner's motion for relief pursuant to 28 U.S.C. § 2255 [docket entry 40] is denied.

DATED this 22nd day of March 2006.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE